IRENE O. ALLEY, and another, in equity, *vs.* SARAH A. CHASE.

Hancock.　　Opinion June 1, 1891.

*Equity. Injunction. Judgment. Estoppel.*

It is a settled rule in equity that when a party has an adequate remedy at law, a suit in equity to enforce the same right cannot be maintained.

A court of equity will refuse relief when it appears that the same right, which the plaintiff seeks to enforce, has been adjudicated adversely to him in a suit at law between the same parties.

Upon a bill to restrain the defendant from prosecuting her action of dower, it appeared that the full court, since the filing of the bill, had sustained the ruling of the presiding justice in the action at law,—holding that the complainants' evidence, giving it the most favorable construction possible, did not constitute a defense to the action. *Held:* That the bill should be dismissed.

(See *Chase* v. *Alley*, 82 Maine, 234.)

ON REPORT.

Bill in equity, heard on bill, answer and proof.

This was a suit in equity to restrain the defendant from prosecuting her suit at law to recover dower in certain real estate, situated at Bar Harbor, known as the St. Sauveur Hotel. Since the filing of the bill, the action at law was decided by the full court in favor of the defendant, and sustaining her claim for dower. See *Chase* v. *Alley*, 82 Maine, 234, where the opinion of the court states the material facts.

Besides the defenses relied upon by the complainants, in the action at law, they also allege in their bill :

" That from the thirtieth day of January, A. D., 1865, after the death of her said husband, down to the twenty-second day of June, A. D., 1888, a period of more than twenty years, the respondent well knowing the facts that said St. Sauveur Hotel lot deeded as aforesaid was in the possession of persons claiming to own it, and who had made and were making valuable and costly improvements upon it, made no claim or demand to dower in said estate, from which delay the respondent should be presumed to have released her right of dower by deed or that her dower has been legally assigned to her out of said premises."

The respondent filed a general denial in which among other things she says :

"She admits that after the death of her husband down to the 22nd of June, 1888, she made no demand to have her dower assigned or set off to her, but she denies that she had any knowledge until four or five years previous to making her said demand that valuable improvements were being made upon the St. Sauveur Hotel lot by said complainants who were in possession thereof, and she further denies that from such delay she should be presumed to have released her right of dower by deed or that her dower had been legally assigned to her out of said premises. . . .

"And the said respondent further answering says, that all of the defenses to her said action of dower against the complainants in said bill, and all of the reasons alleged by said complainants in their said bill why her said action of dower against them should not be maintained can be shown and taken advantage of, so far as the same are true, in defense to said action and that as fully as in this proceeding in equity, and that all of the matters in said complainants' bill mentioned and complained of, are matters which may be tried and determined at law.

"And she further says, that on the 19th day of September, A. D., 1888, she commenced her action of dower against the complainants in said bill to recover of them her dower in a portion of the premises of which her husband was seized during coverture as described in said bill, that a trial of said action was had at the April term of the Supreme Judicial Court, A. D., 1889, for Hancock County, and that in said trial all of the defenses now alleged by the complainants in their bill and the reasons why her action against the said complainants should not be maintained, were made and taken advantage of in the trial of her said action ; that said trial resulted in a verdict for the said respondent, the demandant in said action, for her dower, and that upon exception taken to the rulings of the presiding justice to the Law Court, said exceptions were overruled, said defenses and reasons why her suit should not be maintained were adjudged insufficient and the said verdict sustained by the

decision of the justices of the said Court, whereby all of the matters and things stated in said bill have been adjudicated by a court of competent jurisdiction, by reason whereof she says, that she believes that said complainants should be and are estopped and barred from maintaining their said bill in equity."

*Deasy and Higgins*, for complainants.

Jointure: *Worseley* v. *Worseley*, 16 B. Mon. 469; *Tevis* v. *McCreary*, 3 Met. (Ken.) 151; *Vizard* v. *Longdale*, Kelynge Ch. Cas. 17; *Couch* v. *Stratton*, 4 Ves. jr. 391; *Hamilton* v. *Jackson*, 2 Jones and La. T. 295; *Dygert* v. *Remerschneider*, 39 Barb. 417; *Gould* v. *Womack*, 2 Ala. 83; R. S., c. 103, § 9; 1 Wash. R. P. p. 317; 1 Cruise Dig. 199. Estate deeded to defendant at request of her husband was a jointure because it took effect as early as upon her husband's death. It was for her own life. It was made to herself and not to another in trust for her. It was a freehold estate in lands.

Equitable estoppel, by acceptance of a collateral satisfaction. *Couch* v. *Stratton*, *supra*; *Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Swaine* v. *Perine*, 5 *Id.* 482; 1 Roper H. & W. 450; *Munday* v. *Munday*, 2 Ves. jr. 120; *Hunter* v. *Jones*, 2 Rand. 541; *Shotwell* v. *Sedam*, 3 Ohio, 5; *Jones* v. *Powell*, 6 Johns. Ch. 194; *Warfield* v. *Castleman*, 5 B. Mon. 517; *Bullock* v. *Griffin*, 1 Strobh. Eq. 60; *Hunter* v. *Jones*, 2 Rand. 541. Estoppel by acts and omissions: 1 Johns. Ch. 344; *Hatch* v. *Kimball*, 16 Maine, 148; *Deshley* v. *Beery*, 4 Dall. 300; *Hill* v. *Hill*, 5 Ark. 608; *Edmonson* v. *Montague*, 14 Ala. 370. Limitation: 2 Sto. Eq. § § 15, 20; *Ralls* v. *Hughes*, 1 Dana, 407; *Tuttle* v. *Wilson*, 10 Ohio, 24. Relief: *O'Brien* v. *Elliot*, 15 Maine, 125; *Dougherty* v. *Creary*, 30 Cal. 290; *Lining* v. *Geddes*, 1 McCord, Ch. (S. C.) 304.

*Wiswell, King and Peters, B. E. Tracy*, with them, for defendant.

WALTON, J. This is a suit in equity presenting substantially the same question litigated in *Chase* v. *Alley*, 82 Maine, 234. That was an action of dower. It was defended on substantially

the same grounds on which this suit is prosecuted. The plaintiff (Mrs. Chase) prevailed. The court is now asked to enjoin her against enforcing her judgment. The court declines to do so, or to furnish the plaintiffs in this suit with any other remedy which will defeat Mrs. Chase's right to have her dower, as determined in that action. And for the following reasons :

1. It is a settled rule in equity that when a party has an adequate remedy at law, a suit in equity to enforce the same right can not be maintained. There are a few exceptions to the rule ; but none of them apply in this case. The same right which the parties seek to enforce in this suit, not only could have been, but actually was, presented as a ground of defense in the action of dower, and was passed upon by the court. It not only might have been, but it was in fact litigated in that suit. And for that reason alone, if for no other, it would be the duty of the court to refuse the relief asked for in this suit. *Batchelder* v. *Bean*, 76 Maine, 370 ; *Milliken* v. *Dockray*, 80 Maine, 82.

2. But there is another reason. In the action of dower, the justice presiding at the trial in the court below, instructed the jury that the evidence offered in defense, giving to it the most favorable construction of which it was susceptible, did not constitute a defense to the action ; and the law court sustained the ruling. And this ruling was not based on formal or technical defects in the evidence ; it was based on its inherent weakness and utter insufficiency to establish the facts on which the defense rested. And for this reason, if there were no other, the court would feel compelled to refuse the relief asked for in this suit.

*Bill dismissed with costs.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.